THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FRANKLIN ERIC HALLS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AVERY OLSEN<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 4:23-cv-00037-DN<br><br>District Judge David Nuffer |

　　　　Defendant Avery Olsen ("Olsen") filed his Motion for Judgment on the Pleadings and/or Motion to Dismiss ("Motion")[1] seeking dismissal of all three causes of action brought against him by Plaintiff Franklin Halls ("Halls"). Halls did not respond to the Motion. For the reasons explained below, the Motion is GRANTED and Halls's claims against Olsen are DISMISSED.

## BACKGROUND

　　　　Halls's complaint asserts three claims against Olsen in his official capacity as a deputy with the San Juan Sheriff's Office in San Juan County, Utah for: (1) illegal search and seizure; (2) invasion of privacy; and (3) unreasonable force.[2] Halls alleges that Olsen obtained a search warrant without any evidence of any crime being committed at a residence ("Residence").[3] Halls lists no address for the residence or what property interests, if any, Halls had in the Residence. Halls alleges that under the direction of Olsen, nearly twenty Officers of the San Juan County Sheriff's office ("Officers") kicked in the door of the Residence with guns drawn during

---

[1] Docket no. 14, filed October 26, 2023.

[2] Complaint at 3-5, docket no. 4, filed on May 11, 2023.

[3] *Id.*

1

execution of a search warrant.[4] Halls asserts that Olsen had prior knowledge that no adult male resident was at the Residence at the time the Officers kicked the door in.[5] Upon entry to the residence, Halls alleges that the Officers rushed upstairs, found Halls's wife sitting on a toilet, and ordered her at gun point to get off the toilet.[6] Halls alleges his wife stood up and pulled up her pants.[7]

Halls alleges the Officers found a 3-year-old grandchild with Halls's wife in the master bedroom or bathroom area and that the Officers held the grandchild and Halls's wife at gunpoint for over an hour.[8] Halls alleges Olsen confiscated a safe and cell phones, which have not been returned.[9] Halls also alleges no charges have been filed as a result of the search.[10] Halls does not allege he was present at any point during the search; does not list a date for the search or a location or address of the search or Residence; and does not allege any property interest he had in the Residence. After filing an answer in response to the Complaint, Olsen filed his Motion. Halls has not filed any response to the Motion.

## LEGAL STANDARDS

Federal Rules of Civil Procedure Rule 12(c) governs motions for judgment on the pleadings and provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[11] "A motion for judgment on the

---

[4] *Id*.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Fed. R. Civ. P. 12(c).

pleadings is treated as a motion to dismiss under Rule 12(b)(6)."[12] To survive a motion for judgment on the pleadings, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."[13] A complaint must contain "enough facts to state a claim to relief that is plausible on its face."[14] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[15] Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[16]

To survive a motion for judgment on the pleadings, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[18] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19] Although at the judgment on the pleadings stage, a court takes "the factual allegations in the complaint as true," courts "are not bound to accept as true a legal conclusion couched as a factual

---

[12] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F. 3d 1138, 1160 (10th Cir. 2000).

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[14] *Id.* at 570.

[15] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (internal citation omitted).

[16] *Id*. (internal citations omitted).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

[18] *Id*. (quotation cleaned up and internal citations omitted).

[19] *Id*.

3

allegation."[20] "Naked assertions" without "further factual enhancement" are insufficient.[21]

## ANALYSIS

Halls brings claims against Olsen for: (1) illegal search and seizure; (2) invasion of privacy; and (3) unreasonable force.[22] Halls's Complaint contains few specific factual allegations supporting his claims. And Halls did not respond to the Motion with any rebuttal of Olsen's arguments; any explanation why his Complaint is sufficient to move forward; or any motion to amend. Based on a careful review of the Complaint, the Motion, and controlling legal authorities, Halls's claims must be dismissed: (a) because Halls did not plead sufficient facts to show he has standing to bring his claims, (b) because Halls failed to meet his burden to show that the alleged misconduct violated clearly established law as required to overcome Olsen's assertion of qualified immunity; and (c) because Halls failed to plead sufficient facts supporting his claim for illegal search and seizure.

### A. Halls's Claims Are Dismissed Because He Has Insufficiently Pleaded Facts Establishing He Has Standing To Bring His Claims.

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."[23] The doctrine of standing provides the constitutional boundaries of disputes that are appropriate for resolution in federal courts.[24] To establish Article III standing, a plaintiff must demonstrate: (1) an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury is likely, as opposed to merely speculative, to be redressed by a favorable decision.[25] To establish standing, a plaintiff must

---

[20] *Id.*

[21] *Id.*

[22] Complaint at 3-5.

[23] U.S. Const. art. III, § 2; *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014).

[24] *Susan B. Anthony List*, 573 U.S. at 157.

[25] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

allege, among other things, "an injury to himself that is distinct and palpable."[26] A "litigant may invoke only its own constitutional rights and may not assert rights of others not before the court."[27] "At the pleading stage, the plaintiff must clearly allege facts demonstrating each element of standing."[28] Although courts construe pro se pleadings liberally, a pro se plaintiff must comply with the "same rules as other litigants;" courts do not act as a pro se plaintiff's "attorney in constructing arguments and searching the record."[29]

Halls has failed to allege sufficient facts demonstrating he has standing for the claims he has brought against Olsen. In his first claim for illegal search or seizure, Halls does not allege he was present during the search, that he had any property interests in the Residence, or that his property was seized. Additionally, Halls's request for relief in his complaint only seeks damages "to be awarded to my Wife and Grandchild" and lists no damages that should be awarded to him. Halls has not alleged sufficient facts demonstrating he has standing to bring his first claim.

Halls's second cause of action for invasion of privacy is completely based on the Officers finding Halls's wife sitting on the toilet as they executed the search of the Residence. Halls does not allege any facts demonstrating his privacy was invaded by Olsen or that he was directly injured by Olsen. Halls's second cause of action for invasion of privacy must be dismissed because he cannot bring a claim on his wife's behalf.

Likewise, in his third cause of action for unreasonable force, Halls alleges that during the execution of the warrant, Officers held a 3-year-old child and Halls's wife at gunpoint for over an

---

[26] *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

[27] *Nat'l Council for Improved Health v. Shalala*, 122 F.3d 878, 882 (10th Cir. 1997).

[28] *Saramosing v. Corbett*, No. 23-6043, 2024 WL 277682, at *2 (10th Cir. Jan. 25, 2024).

[29] *Id.* (cleaned up).

hour.[30] Halls has not alleged Olsen injured him by exercising unreasonable force. Halls has not alleged facts demonstrating he has standing to bring a claim for unreasonable force against Olsen.

Halls has failed to plead sufficient facts demonstrating he has standing to bring any of his claims against Olsen and therefore all of Halls's claims must be dismissed.

### B. Halls's Claims Are Dismissed Because He Failed to Meet His Burden to Show a Violation of Clearly Established Law.

Halls's suit is brought against Olsen in his official capacity as a San Juan County Sheriff's Office deputy under 42 U.S.C. § 1983.[31] In his Motion, Olsen raised the defense of qualified immunity.[32] Because Halls did not respond to the Motion and has failed to meet his burden demonstrating the alleged misconduct violates clearly established law, Halls's claims must be dismissed.

Qualified immunity protects government officials "performing discretionary functions" by "shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."[33] Once raised, the qualified immunity defense creates a rebuttal presumption that the defendant is entitled to immunity.[34] When a defendant asserts qualified immunity as an affirmative defense, "the burden shifts to the plaintiff, who must clear two hurdles" to defeat the defendant's motion.[35] The plaintiff must (1) "demonstrate on the facts alleged . . . that the defendant violated his constitutional or statutory rights," and (2) demonstrate "that the right was clearly established at the time of the alleged

---

[30] Complaint at 3-5.

[31] *Id.* at 2.

[32] *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018).

[33] *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

[34] *Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).

[35] *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).

unlawful activity."[36] "A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits."[37]

Because Halls failed to respond to the Motion for Judgment on the Pleadings, he has failed to carry his burden on the second prong of the qualified immunity analysis showing a violation of clearly established law. Halls's failure to meet this required burden is an additional reason that all of Halls's claims against Olsen must be dismissed.

C. **Halls's Complaint Contains Insufficient Factual Allegations Supporting His First Cause Of Action For Illegal Search And Seizure.**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searched and seizures."[38] The Fourth Amendment's prohibition on unreasonable searches and seizures applies to both commercial premises and private homes.[39] Traditional police searches fall within the Fourth Amendment's ambit.[40] Warrantless searches are "*per se* unreasonable under the Fourth Amendment."[41] A search inside a home is presumptively unreasonable without the authority of a search warrant or only under limited exceptions.[42]

When an "alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the

---

[36] *Id.*

[37] *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008) (internal citation and quotation marks omitted).

[38] U.S. Const. amend. IV.

[39] *New York v. Burger*, 482 U.S. 691, 699-700 (1987).

[40] *Id.*

[41] *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967).

[42] *United States v. Najar*, 451 F.3d 710, 712-13 (10th Cir. 2006).

officers acted in an objectively reasonable manner or . . . in objective good faith."[43] However, the issuance of a warrant by a neutral magistrate "does not end the inquiry into objective reasonableness."[44] A search with a warrant can still be unreasonable if "the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[45] The burden is on the plaintiff to "make a substantial showing of deliberate falsehood or reckless disregard for truth" by the officer seeking the warrant.[46] The Complaint does not contain sufficient specific factual allegations that, if taken as true, support a claim that the search was unreasonable in violation of the Fourth Amendment.

Halls alleges that Olsen's search was illegal because he entered a residence without any evidence of any type of crime at the residence.[47] In contradiction to that statement, Halls acknowledges in the Complaint that Olsen had obtained a search warrant for the Residence and that the Officers confiscated a safe and cell phones which have not yet been returned.[48] Halls does not allege any specific facts demonstrating that Olsen's search warrant lacked probable cause or any facts demonstrating Olsen had reason to believe that the warrant was invalid. Instead, the Complaint only includes Halls's conclusory statement that there was no evidence of crime at the Residence.[49]

---

[43] *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (internal quotation marks omitted) (citing *United States v. Leon*, 468 U.S. 897, 922-23 (1984)).

[44] *Id*.

[45] *Messerschmidt*, 565 U.S. at 547 (internal citations omitted).

[46] *Snell v. Tunnell*, 920 F.2d 673, 698 (10th Cir. 1990).

[47] Complaint at 3-5.

[48] *Id*.

[49] *Id*.

Halls does not allege any facts regarding the contents of the warrant or of any affidavits or evidence supporting the warrant or regarding the process taken in obtaining the warrant. And Halls does not allege he was present during execution of the warrant or the subsequent search of the Residence. Halls does not list the address or date of the search, or what property interest, if any, Halls had in the Residence. Nor has Halls responded to the Motion. Halls's allegations in the Complaint are threadbare conclusions without any specific factual allegations that would support a claim for illegal search and seizure against Olsen. Accordingly, Halls's claim for illegal search and seizure must be dismissed.

## ORDER

**IT IS HEREBY ORDERED** that the Motion[50] is GRANTED. Plaintiff's first, second, and third causes of action against Olsen are DISMISSED with prejudice.

SIGNED: September 27, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[50] Docket no. 14, filed October 26, 2023.